**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MARIA SOSTRE,**

          **Plaintiff,**

**-vs-**                                                      **Case No. 6:13-cv-1484-Orl-18DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

          **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for Supplemental Security Income and disability insurance benefits. For the reasons set forth herein, it is **respectfully recommended** that the decision of the Commissioner be **AFFIRMED.**

## Procedural History

Plaintiff applied for a period of disability and disability insurance benefits and for supplemental security income, alleging that she became unable to work on August 9, 2008 (R. 158-62). The agency denied Plaintiff's applications initially and upon reconsideration, and she requested and received a hearing before an administrative law judge ("the ALJ"). The ALJ issued an unfavorable decision, finding Plaintiff to be not disabled (R. 15-35). The Appeals Council declined to grant review (R. 1-5), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed her complaint in federal court, and the case has been referred to the undersigned United States Magistrate Judge. The matter has been briefed and is now ripe for review pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3).

## Nature of Claimed Disability

Plaintiff claims disability due to "severe anxiety, severe depression, muscle pain." (R. 188).

*Summary of Evidence Before the ALJ*

Plaintiff was forty-three years old on the alleged onset date and forty-five years old on the date of the ALJ's decision (R. 20, 161), with a high school education via a GED (R. 42) and prior relevant work experience as a custodian and a packager (R. 52).

The medical evidence relating to the pertinent time period is detailed in the ALJ's opinion. In the interest of privacy and brevity, it will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes the testimony of both Plaintiff and a Vocational Expert ("the VE"); written forms and reports completed by Plaintiff; and opinions from state agency consultants. By way of summary, the ALJ determined that Plaintiff had the following severe impairments: anxiety disorder, depression, fibromyalgia, and panic attacks (20 CFR 404.1520(c) and 416.920(c)) (R. 20); and the record supports this uncontested finding. The ALJ found that the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 21-22). The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant is limited to carrying, lifting, pulling, and pushing ten pounds, sitting and standing for ten minutes at a time with access to a sit stand option, and walking for fifteen minutes, with a ten minute rest after walking. She is limited to work that requires no working with the public, very limited contact with co-workers, no production pace work, no changes in the workplace setting, and requires very limited decision making.

(R. 22).

The ALJ determined that Plaintiff could not return to her past relevant work (R. 33); however, with the assistance of the VE, the ALJ found that other work existed in significant numbers that Plaintiff could perform (R. 33-34), and therefore, the ALJ found Plaintiff was not disabled (R. 34).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises several issues, contending that: 1) the ALJ failed to provide reasons for rejecting the opinions of treating physicians Schaefer and Panahon; 2) the ALJ did not properly account for moderate limitations with attendance and tardiness; and 3) the RFC and the hypothetical question posed to the VE failed to account for moderate limitations in concentration, persistence and pace. The Court examines these issues in the context of the sequential assessment used by the ALJ.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*Weighing the Evidence*

Plaintiff contends that the ALJ improperly evaluated opinions from Plaintiff's treating primary care physician and from a psychiatrist.

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).)

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir.

-4-

1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

In a Notice and Proof of Claim for Disability Benefits dated August 15, 2008, primary care physician Dr. Schaeffer completed a form indicating that he first treated Plaintiff for severe depression and anxiety on August 13, 2008 (R. 263). Dr. Schaeffer opined that Plaintiff became unable to work on that date, and further opined that Plaintiff would be able to perform her usual work on December 13, 2008 (R. 263). In September 2008, Dr. Schaeffer completed a portion of another form, noting that Plaintiff was not able to work "at the present time." (R. 260-261). Dr. Schaefer believed Plaintiff would be able to resume work in "2/09." *Id.* Plaintiff contends that the ALJ's findings regarding Dr. Schaeffer's opinions are "inconsistent" in that the ALJ gave the findings and diagnoses of Dr. Schaeffer "significant weight" (R. 33) but "[t]he ALJ did not mention Dr. Schaeffer's opinions regarding Plaintiff's inability to work in his decision." (Brief, p. 16).

Contrary to Plaintiff's assertion, the ALJ did, in fact, specifically address the insurance forms (R. 27-28), noting, among other things: "Dr. Schaeffer opined that the claimant suffered from severe depression and anxiety as evidenced by her depressed mood, but that she would be able to perform her usual work in December 2008." (R. 27-28). The ALJ also discussed the treatment notes and other

opinions of Dr. Schaeffer at length (*See* R. 25-28)[1] and gave the "findings and diagnoses" of this physician significant weight (R. 33). The opinions were not ignored.

Further, the Court sees no "inconsistency" warranting remand. Plaintiff admits that the opinion that she was unable to work is "basically conclusory," and acknowledges that conclusory opinions on issues reserved for the Commissioner, such as whether a claimant is disabled, are not entitled to controlling weight (Brief, p. 18). Moreover, Dr. Schaeffer, a primary care physician and not Plaintiff's psychiatrist, believed that Plaintiff would be able to perform her usual work by December or February (four to six months). Even fully credited, the opinion is not evidence that Plaintiff would be unable to engage in any substantial gainful activity for a continuous period of not less than 12 months.

Plaintiff also asserts that the ALJ did not mention the opinion of Dr. Panahon, a psychiatrist. The only record cited for this physician in Plaintiff's brief, however, is a single signature, as a member of a multi-disciplinary team, on a mental health treatment plan prepared by Plaintiff's therapist (R. 544). The "opinion" in question is a discharge plan, dated 4/27/2010, which reads: "Client will score below 1 on 0-10 scale of depression and anxiety for 6 months, no panic for 6 months, and be able to work full-time competitive employment." (R. 544). Plaintiff contends that this "necessarily means that as of that time, Dr. Panahon found her to be unable to perform full-time competitive work." (Brief, p. 17), and urges error in failing to evaluate this opinion. Upon review, the Court does not find this discharge plan to be an "opinion" entitled to deference and does not find that it was ignored.

Plaintiff cites no treatment record by this psychiatrist finding Plaintiff to be unable to perform full time work. As observed above, the document she cites is a document prepared by Plaintiff's

---

[1] The ALJ noted, among other things, Dr. Schaeffer's opinion that an X-ray was normal; "Dr. Schaeffer did not list any limitations to activities due to the claimant's diagnosis of fibromyalgia, rather the record shows the claimant is recommended to exercise as part of her treatment;" and benign lab findings.

therapist, which includes treatment *goals*. Goals are, by definition, not an opinion of current functioning, and there is no basis to extrapolate from this notation that Plaintiff is disabled.[2] Further, even if the discharge plan were to constitute a finding that Plaintiff was unable to perform full time work in April 2010, such a finding is conclusory, is not evidence of a disabling impairment lasting 12 months, and, as Plaintiff acknowledges, relates to an issue reserved for the Commissioner.

Nor does the record support a conclusion that the document was "ignored." Although this particular member of the multi-disciplinary team treating Plaintiff was not identified by name by the ALJ, the record is part of an exhibit (Exhibit 35 F) which was specifically referenced by the ALJ. (*See, e.g.,* R. 30). Moreover, the accompanying April 2010 treatment record from Plaintiff's therapist (R. 548) was explicitly discussed in the opinion, with the ALJ noting that "in April 2010 [Plaintiff] reported feeling better as she started dating again, this time with her ex-husband's brother, and was noted to be stable." (R. 30). The ALJ also observed that Plaintiff's therapist did not assess her with either depression or anxiety in April 2010. *Id.* Thus, the ALJ's statement that she "carefully reviewed the entire record of evidence" is supported by the detailed evaluation and citations contained in the ALJ's opinion.[3]

*Formulating the RFC*

Plaintiff raises several issues relating to the formulation of the RFC. Plaintiff contends that the RFC findings were "odd" in that Plaintiff gave the opinion of Dr. Baskin "significant weight" but then formulated an RFC which was more restricted than Dr. Baskin opined. Plaintiff also contends that the ALJ appears to have "made his RFC determination based almost exclusively on the state agency review psychologist Dr. Totin's opinion," yet did not mention this opinion in the decision and

---

[2] In fact, as Plaintiff's brief acknowledges, Plaintiff reported improvement with her symptoms on April 29, 2010, just two days later. (Brief, p. 8, citing R. 548).

[3] The ALJ throughly evaluated and discounted the formal opinions of Plaintiff's therapist presented in a report prepared by the therapist and signed also by a psychiatrist (R.30-32). That finding, which is not contested by Plaintiff, is supported by the substantial evidence cited by the ALJ.

-7-

did not "explain why he chose not to adopt all of his findings." Specifically, Plaintiff argues that the ALJ did not provide reasons for rejecting Dr. Totin's finding that the claimant had a moderate limitation in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances (R. 357).

The ALJ found the opinions of the consultative examiners, Dr. Baskin and Dr. Piazza, "accurately describe the claimant's limitations," and were entitled to "probative weight" as the opinions were "based on a single examination and not a treating relationship" (R. 33). The ALJ gave "significant weight" to the findings and diagnoses provided by Plaintiff's treating primary care physician, Dr. Schaeffer, and Plaintiff's previous psychiatrist, Dr. Hussain (R. 33). The Court sees nothing "odd" about these findings. A one time examiner's findings are not entitled to special weight or the deference given to a treating provider. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); *see also Anderson v. Commissioner of Soc. Sec.*, 441 Fed. Appx. 652, 653 (11th Cir. 2011) (per curiam).

To the extent Plaintiff's objection is premised upon an assumption that the ALJ's RFC finding must duplicate that of a medical source, she is mistaken. There is no requirement that an ALJ mirror his or her RFC finding on a medical source's opinion. *See Green v. Soc. Sec. Admin.,* No. 06-1509, 2007 WL 1265988, at *6-7 (11th Cir. May 2, 2007) (rejecting the plaintiff's argument that the ALJ's RFC finding has to be based on a physician's opinion). Rather, as was explicitly done here, the RFC finding is made based on a review of *all* of the evidence, including treatment notes, opinion evidence, testimony and reports, and evidence from other sources. Thus, there is no requirement that the restriction on dealing with the public included in the RFC be mentioned in Dr. Baskin (or any other medical source's) opinion, as long as the restriction is supported by substantial evidence. Here, it is.[4]

---

[4] The ALJ, while challenging Plaintiff's credibility as to limitations inconsistent with the RFC, explicitly noted: "In order to give the claimant every benefit of the doubt, however, I have incorporated the limitations she claims she suffers due to her various impairments in determining her residual functional capacity." (R. 33). As set forth in the ALJ's

As for the opinion of non-examining psychologist M. Totin,[5] the Court disagrees with Plaintiff's contention that the RFC finding was based "almost exclusively" on his opinion.  As noted above, the ALJ gave significant weight to the findings of the treating primary care physician (who noted no physical limitations) and psychiatrist Dr. Hussain (who noted, among other things, that her medications were controlling her anxiety, without side effects); probative weight to the findings of two other examining consultants; and some weight to Plaintiff's testimony and other record evidence.  Moreover, Plaintiff's contention that the ALJ gave "virtually controlling weight" to M. Totin's opinion (Brief, p. 20), while also "failing to adopt all of his findings" (*Id.* p. 21) is inherently inconsistent and presents a misunderstanding of the correct standards for review.  As noted above, there is no obligation to adopt all findings from any source.  As for Plaintiff's final objection with respect to this examiner, the Court finds no reversible error, for the reasons set forth below.

Plaintiff contends that the ALJ did not mention Totin's opinion, in violation of 20 C.F.R. §404.1527(e)(2)(ii).  This provision provides:

> (ii) When an administrative law judge considers findings of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist, the administrative law judge will evaluate the findings using the relevant factors in paragraphs (a) through (d) of this section, such as the consultant's medical specialty and expertise in our rules, the supporting evidence in the case record, supporting explanations the medical or psychological consultant provides, and any other factors relevant to the weighing of the opinions. *Unless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist*, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us.

---

determination, Plaintiff "testified that she suffers from depression that manifests in her not wanting to be in public" (R. 23, 45-46).  The ALJ also noted numerous reports where Plaintiff reported a preference for staying in her home, away from people (R. 24).  The ALJ cannot be faulted for crediting Plaintiff's statements that she prefers not to deal with the public.

[5]The parties refer to this consultant as Dr. Totin, but the Court sees no evidence of this title.  The exhibit is signed "M. Totin, Psychology" (R. 354, 359, 362).

-9-

*Id.* (Emphasis added). Assuming the provision applies even though the ALJ credited the opinions of two treating providers, this does not automatically require reversal. As Magistrate Judge Frazier recently recognized in an opinion adopted by Judge Chappel:

> The rules and regulations require the ALJ to consider all the medical opinions and determine the weight to give to each of them. However, the Eleventh Circuit has found in unpublished cases that even though an ALJ does not explicitly state the weight he affords a medical opinion, if the opinion does not contradict the ALJ's findings, then this error is harmless. *Wright v. Barnhart*, 153 Fed. App'x. 678, 684 (11th Cir. 2005), *See also, Gorr v. Colvin*, 2013 WL 4855060, \*6 (M.D.Fla. Sept. 11, 2013) (citing *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) ("An ALJ's failure to state with particularity the weight given different medical opinions is reversible error. When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.") (citations omitted); *Miller v. Barnhart*, 182 F. App'x 959, 964 (11th Cir.2006) (recognizing harmless error analysis in the context of an ALJ's failure to address a treating source's opinion); *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (providing that the ALJ's failure to indicate the weight given to certain physicians was harmless error because those opinions did not directly contradict the ALJ's findings); *see also Parton v. Astrue*, No. 3:07–CV–63–J–TEM, 2008 WL 897094 (M.D.Fla. Mar. 31, 2008) (finding ALJ's failure to address a treating physician's opinion was harmless error because fully crediting the opinion would not have changed the outcome)).

*Gilkeson v. Commissioner of Social Sec.*, No. 2:12–cv–657–FtM–38DNF, 2014 WL 982693, \*7 (M.D. Fla. Mar. 12, 2014) (harmless error in ALJ failing to mention and assess the weight given to a state agency psychologist, where ALJ's findings were consistent with the opinion).

Here, as in *Gilkeson,* the findings of M. Totin are not inconsistent with the findings of the ALJ. In his checklist, under the section "Sustained Concentration and Persistence," Totin checked "moderate limitation" with respect to "[t]he ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances" (R. 357). Plaintiff fails to explain how that finding is inconsistent with the ALJ's findings that: "With regard to concentration, persistence or pace, the claimant has moderate difficulties. The record shows that the claimant's

impairments cause a moderate level of limitation and difficulty to her ability to concentrate, maintain persistence, and pace." (R. 21).[6]

Moreover, Totin's summary conclusions and narrative do not support a finding of disability. His notes state that he agrees with the conclusions of Dr. Baskin, opining that Plaintiff "is adjusting to treatment regimen, and that her condition should improve as medication adjustments are made." (R. 355). The Court therefore finds that if the ALJ erred in not explicitly evaluating the opinion of M. Totin,[7] the error was harmless.

*Moderate limitations in concentration, persistence and pace*

Plaintiff's final objection is that the ALJ's RFC and the hypothetical question posed to the VE failed to account for Plaintiff's moderate limitations in concentration, persistence and pace. When evaluating a mental impairment at step two, the Commissioner is required to apply the "special technique" described in 20 C.F.R. § 416.920a. This technique requires the adjudicator to determine first whether the claimant has a "medically determinable mental impairment." 20 C.F.R. § 416.920a(b)(1). If the claimant is found to have such an impairment, the reviewing authority must "rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c)," 20 C.F.R. § 416.920a(b)(2), which specifies four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 416.920a(c)(3). According to the regulations, if the degree of limitation in each of the first three areas is rated "mild" or better, and no episodes of decompensation are found,

---

[6]Plaintiff's contention that Totin's opinion is actually a finding that Plaintiff would have restrictions with showing up for work every day on time does not persuade. Totin found Plaintiff to be not significantly limited in her ability to complete *a normal workday and workweek* without interruptions from psychologically based symptoms (R. 358).

[7]The opinion of Totin is contained in Exhibit 11F, dated February 2009 (R. 343-356). While the ALJ does not identify Totin by name, the Exhibit is included by reference in the ALJ's opinion. *See* R. 21, citing "Exhibits 1F to 38F" in discussing whether Plaintiff's mental health impairments meet a listing, and R. 31, referring to "Exhibits 1F to 38F" in discussing Plaintiff's credibility, with respect to her mental limitations. Further, Plaintiff admits that the RFC, in large measure, coincides with this opinion. It appears, therefore, that the opinion was considered, but not explicitly discussed.

-11-

then the adjudicator "generally" will conclude that the claimant's mental impairment is not "severe." 20 C.F.R. § 416.920a(d)(1). If the mental impairment(s) are found to be severe, but the impairment neither meets nor is equivalent in severity to any listing, "we will then assess your residual functional capacity." 20 C.F.R. § 416.920a(d)(3).

Here, the ALJ found Plaintiff's depression and anxiety to be severe impairments at step two and, as part of the required evaluation, the ALJ made further findings, including a finding that Plaintiff had moderate difficulties in concentration, persistence or pace (R. 21). To accommodate that limitation, the RFC explicitly included a finding that Plaintiff is "limited to work that requires no working with the public, very limited contact with co-workers, no production pace work, no changes in the workplace setting, and requires very limited decision making" (R. 22). The ALJ also included this limitation in the hypothetical presented to the VE (R. 52-53). Plaintiff contends that the ALJ failed to explain how the RFC and the hypothetical question adequately account for Plaintiff's moderate difficulties in concentration, persistence or pace under the controlling law.

With respect to the RFC, Plaintiff asserts that "[t]he ALJ did not explain in his decision how the evidence of record supports his translation of Plaintiff's moderate difficulties with concentration, persistence or pace into his RFC findings." (Brief, p. 22). While the ALJ noted Plaintiff's testimony regarding her "lack of focus" (R. 24) and incorporated the limitations she claims to suffer in determining her RFC (R. 33), he also noted that she is nonetheless "able to maintain attention sufficient to watch television throughout the day, cook meals, perform housework in her daily activities; further, her doctors noted at various times in the record that she had good to fair concentration" (R. 21). The ALJ explained that Plaintiff's "records do not reflect a significant inability to maintain concentration according to her doctor's or counselor's notes, she is able to watch television throughout the day, perform basic household tasks, and retains the ability to provide care for a [sic] several daughters" (R. 31). The ALJ stated that treatment records consistently reflect an

absence of "concentration related problems" (R. 31). Too, Dr. Baskin opined that, while Plaintiff had limitations with her ability to deal with stress, Plaintiff "would have minimal to no limitations being able to follow and understand simple directions and instructions, perform simple tasks independently, [and] maintain attention and concentration . . ." (R. 33, 317). The ALJ gave probative weight to Dr. Baskin's opinion, as it "accurately describe[s] the claimant's limitations . . ." (R. 33). A finding that Plaintiff could perform work with very limited decision making, no changes in the workplace setting and no production pace work reflects the ALJ's conclusion, based on the medical evidence, that Plaintiff had some difficulties dealing with stress, but could still perform simple tasks at a non-production pace.

As for the testimony of the VE, "[i]n order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). An ALJ, however, is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1161 (11th Cir. 2004).

The Eleventh Circuit has held that an ALJ's hypothetical question must take into account the ALJ's step two finding that a claimant has moderate limitations in maintaining concentration, persistence, and pace, unless the ALJ indicates that the medical evidence suggests that the claimant's ability to work is unaffected by the limitation or the ALJ's question implicitly accounts for the limitation. *See Winschel v. Commissioner of Social Sec.*, 631 F.3d 1176, 1180-81 (11th Cir. 2011). The Eleventh Circuit has more recently recognized that a hypothetical question could sufficiently account for a moderate limitation in concentration, persistence or pace by including a restriction to simple or routine tasks, if the medical evidence demonstrates that the claimant has the ability to perform those tasks despite concentration deficiencies. *See Jarrett v. Commissioner of Social Security*, 422 Fed. Appx. 869, 872 (11th Cir. 2011); *Syed v. Commissioner of Social Security,* 441

-13-

Fed. Appx. 632, 635 (11th Cir. 2011); *Washington v. Social Security Administration, Commissioner*, 503 Fed. Appx. 881, 883 (11th Cir. 2013); *Scott v. Commissioner of Social Security*, 495 Fed. Appx. 27, (11th Cir. 2012); *Jacobs v. Commissioner of Social Security,* – Fed. Appx. –, 2013 WL 2436454 (11th Cir. Jun. 6, 2013) (unpub. dec.) ("the ALJ found that the evidence demonstrated that Jacobs retained a limited ability to work despite his depression and associated moderate difficulties in maintaining his concentration, persistence, or pace, and substantial evidence supports this finding. The ALJ's hypothetical questions to the vocational expert fully accounted for Jacobs's moderate difficulties in maintaining his concentration, persistence, or pace by limiting him to one to three step non-complex tasks, consistent with the RFC assessment.").[8] The restriction here to work that requires limited decision making and no production pace is supported by the medical evidence that Plaintiff has the capacity to perform these tasks, despite her limitations.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511.  The only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards.  As the Court finds that to be the case, the decision should be affirmed.

## Conclusion

---

[8] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. The Court notes the consistency of these recent panel decisions interpreting *Winschel.*

For the reasons set forth above, it is **respectfully recommended** that the administrative decision be **AFFIRMED.** If this recommendation is adopted, the Clerk should be directed to enter judgment accordingly, terminate all pending matters, and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 2, 2014.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy